UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-01689-SHK | Date: | March 18, 2024 |
| Title: | B.A.M. v. Martin J. O'Malley, Comm'r of Soc. Sec'y | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

The Court received and reviewed Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion"), filed March 11, 2024. Electronic Case Filing Number ("ECF No.") 22, Motion. A review of Plaintiff's Motion reveals that Plaintiff has violated the Local Civil Rules for the United States District Court for the Central District of California in at least the following two ways.

First, Plaintiff failed to lodge a proposed order with the Motion. See L.R. 7-20 ("A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1. Unless exempted from electronic filing pursuant to L.R. 5-4.2, each proposed order shall comply with L.R. 5-4.4."); see also L.R. 52-4.1 ("A separate proposed order shall be submitted with any stipulation, application, motion, or request of the parties requiring an order of the court . . . as provided in L.R. 5-4.4."); L.R. 5-4.4.1 ("When a proposed order or other proposed document accompanies an electronic filing, the proposed order or other proposed document shall be in PDF format and included, as an attachment, with the main electronically filed document").

Second, Plaintiff failed to certify that Plaintiff met and conferred with opposing counsel at least seven days before filing the Motion. See L.R. 7-3 ("counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." (emphasis added). "If the parties are

unable to reach a resolution[,] . . . counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'").

      Consequently, because Plaintiff has violated the Local Rules in at least two ways, Plaintiff is ordered to show cause by **March 26, 2024,** why Plaintiff's Motion should not be denied for failure to comply with the Local Rules.  Plaintiff can satisfy this order by: (1) certifying in writing that Plaintiff met and conferred with opposing counsel <u>at least seven days before</u> Plaintiff filed the Motion <u>and indicate the date in which the conference of counsel took place</u>; and (2) filing a proposed order that indicates whether the Motion is stipulated to.  **Plaintiff is warned that failure to timely satisfy this order <u>will</u> result in Plaintiff's Motion being denied for failure to prosecute and follow Court orders and the Local Rules.**

      **IT IS SO ORDERED.**